UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AMY HIBBARD, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:12-CV-344 |
| | § | |
| TARGET CORPORATION, *et al*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND ORDER

More than eight months after filing their answers in this case, Defendants Target Corporation and Bell Sports, Inc. seek a transfer to the Houston Division on convenience grounds. *See* 28 U.S.C. § 1404. This Court recently addressed similar intradistrict transfer issues in *Perry v. Autocraft Invs., Inc.*, 2013 WL 3338580 (S.D. Tex. July 2, 2013), in which, like here, the plaintiff's residence, injury, and treatment were all in the Houston Division. In *Perry*, these facts led the Court to conclude that the convenience of the witnesses, sources of proof, and local interest factors favored Houston. *See id.* at *2–3. Although each factor did not weigh heavily because of the proximity of the Galveston and Houston courthouses, the combined weight of those factors overcame the single court-congestion factor favoring Galveston to warrant transfer. *See id.* at *3.

But there is one glaring difference between this case and *Perry*. The *Perry* defendant filed the motion to transfer with its answer, and this Court entered the transfer order before ever issuing a schedule or holding a hearing. Although a section 1404 transfer order "can technically be made at any time," *Mohamed v. Mazda Motor Corp.*, 90 F.Supp. 2d 757, 760 (E.D. Tex. 2000), a party should make the motion with "'reasonable promptness' and a movant's delay weighs against granting transfer." *Software Rights Archive, LLC v. Google, Inc.*, 2010 WL 2950351, at * 4 (E.D. Tex. July 22, 2010) (quoting *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)). Courts consider delay under the *Volkswagen* convenience factor that takes account of "practical problems that make trial of a case easy, expeditious and inexpensive," *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). *See ICHL, LLC v. NEC Corp. of Am.*, 2009 WL 1748573, at *2 (E.D. Tex. June 19, 2009) ("The last catch-all private interest factor has been applied in this Court to include the plaintiff's choice of forum, the possibility of delay and prejudice if transfer is granted, and the place of the alleged wrong." (citations omitted)). Courts have found that delays in filing a section 1404 motion of shorter length than the delay in this case weigh against transfer. *See, e.g.*, *Konami Digital Entm't Co. v. Harmonix Music Sys., Inc.*, 2009 WL 781134, at *7 (E.D. Tex. Mar. 23, 2009) (motion to transfer venue filed six months after complaint filed); *N2 Consulting, LLC v. Engineered Fastener Co.*, 2002 WL

31246770, at *2 (N.D. Tex. Oct. 2, 2002) (same).  The current scheduling order's deadline for discovery and dispositive motions is a little more than three months away.  Docket Entry No. 20.  Transferring to Houston, where the case would require a new scheduling order and trial setting, at this late stage is therefore likely to cause significant delay.  *See N2 Consulting*, 2002 WL 31246770 at * 4 (noting that more "favorable docket conditions" would not exist in the transferree court when the discovery deadline was three months away and the motions deadline four months away); *FTC v. Multinet Mktg., LLC*, 959 F. Supp. 394, 395–96 (N.D. Tex. 1997) ("A change of venue now is likely to upset the discovery and trial schedule and waste judicial resources.").  The *Volkswagen* interest in "expeditious and inexpensive" litigation thus weighs against transfer.

With this new factor favoring Galveston in the mix, the Court finds that the overall balance differs than it did in *Perry*.  Convenience of the witnesses and sources of proof favor Houston, though not substantially so given that the difference is one of approximately 50 miles.  Houston has a stronger local interest in the case than Galveston.  But court congestion and the delay resulting from transfer favor Galveston.  Because the weight of the factors favoring Houston is close to those favoring Galveston, Defendants have not met their burden of showing that the Houston Division would be "clearly more convenient."

*Volkswagen*, 545 F.3d at 315.  The Motion to Transfer Venue (Docket Entry No. 27) is **DENIED**.

    **SIGNED** this 30th day of August, 2013.

                                                    _____
                                                            Gregg Costa
                                                    United States District Judge